IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

EQUITABLE PRODUCTION COMPANY,

          Plaintiff,

v.          CIVIL ACTION NO. 2:05-cv-00013

WESTFIELD INSURANCE COMPANY
and T.M. SERVICES, INC.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Motion to Disqualify Attorney Brent K. Kesner from Representing the Defendants Westfield Insurance Company and TM Services, Inc. [Docket 11]. For the reasons set out herein, the court **DENIES** the plaintiff's motion to disqualify.

**I.    Background**

Equitable Production Company (Equitable) and TM Services, Inc. (TM Services) are named defendants in a civil action, styled *Halstead v. Equitable Prod. Co., TM Servs., Inc., and Westfield Ins. Co.*, No. 04-C-218, that is currently pending in the Circuit Court of Boone County, West Virginia. Lea Ann Halstead, the plaintiff in the underlying action, is seeking wrongful death damages from both Equitable and TM Services as a result of a gas line failure which resulted in the death of her husband, Clifton Todd Halstead. Prior to the accident, Equitable entered into a contract with TM Services, whereby TM Services was to maintain certain gas lines owned by Equitable in West Virginia. The Agreement between Equitable and TM Services also included certain

provisions relating to TM Services' duty to defend and indemnify Equitable against liability arising from TM Services' work. The agreement further provided that TM Services would obtain and carry liability insurance naming Equitable as an additional insured.

In the present action pending before this court, Equitable is seeking declaratory relief as to Equitable's rights under (1) an insurance policy issued by Westfield Insurance Company (Westfield) to TM Services and (2) the contractual indemnification provisions of the contract between TM Services and Equitable.

**II.    Analysis**

Attorney Brent Kesner (Kesner) with the law firm of Kesner, Kesner, & Bramble, PLLC, originally represented both TM Services and Westfield in this action. Equitable filed the pending motion to disqualify, arguing that Attorney Kesner's simultaneous representation of TM Services and Westfield created numerous conflicts and affected Equitable's legal rights. First, Equitable argued that it is entitled to coverage under the Westfield policy as an additional insured, yet Attorney Kesner represents TM Services to the detriment of Equitable's rights under the Westfield policy. Equitable also argued that pursuant to the *Rules of Professional Conduct* and applicable case law, an attorney must not jointly represent both an insurance company and the insured in a liability matter. In support of this argument, Equitable cited *Barefield v. DPIC Cos.*, 600 S.E.2d 256 (W. Va. 2004).

In *Barefield*, the Supreme Court of Appeals held that "there are at least three applicable provisions in the Rules [of Professional Conduct] which preclude an attorney paid by an insurance company from jointly representing both the insurance company and the insured in a liability matter: Rules 1.7, 1.8(f), and 5.4(c)." According to the *Barefield* Court, Rule 1.7 "was adopted to ensure an

attorney's loyalty to a client and preclude the attorney from undertaking 'the simultaneous representation of another client with interests that are actually or potentially adverse to the existing client without both clients' knowledgeable consent.' This rule does not require a current conflict of interest or current material limitation . . . . Rather, all that is required by Rule 1.7 is that there 'may be' such a conflict or limitation in the future.'" The *Barefield* Court went on to note that "in insurance defense, if an attorney simultaneously represents the interests of both the insured and the insurance company, there is a substantial likelihood that the attorney's representation of either party may in the future be materially limited. . . . Accordingly, because of that likelihood, Rule 1.7 generally precludes a defense attorney from jointly representing both the insurance company and the insured in a liability matter."

Thus, had Attorney Kesner persisted in representing both Westfield and TM Services, this court would have found great cause for concern. Mr. Kesner, however, withdrew from his representation of Westfield after receiving Equitable's motion to disqualify and Westfield is now represented by Michael Lorensen, an attorney with the law firm of Bowles, Rice, McDavid, Graff & Love. As Equitable concedes in a later brief, Westfield and TM Services have both consented to Attorney Kesner's continued representation of TM Services.

Because Attorney Kesner continues to represent TM Services, Equitable now argues that Kesner must also withdraw from this representation, in order to avoid the appearance of impropriety. After much briefing and argument, the remaining issue is whether Attorney Kesner must be disqualified from his representation of TM Services because of his prior representation of both Westfield and TM Services.

### III.     Law

In *Garlow v. Zakaib*, 186 W. Va. 457, 462-63 (1991), the West Virginia Supreme Court of Appeals held that a "circuit court, upon motion of the party, by its inherent power to do what is reasonably necessary for the administration of justice, may disqualify a lawyer from a case because the lawyer's representation in the case presents a conflict of interest where the conflict is such as clearly to call in question the fair or efficient administration of justice." The Fourth Circuit has indicated a willingness "to adhere to the rule that courts determining whether to disqualify counsel should act to prevent the appearance of impropriety and resolve doubts in favor of disqualification." *United States v. Clarkson*, 567 F.2d 270, 272 n.3 (4th Cir. 1997).

Equitable now argues that "because Attorney Kesner has already represented both TM and Westfield in this matter, the court must presume that Attorney Kesner is privy to the confidential information of each requiring him to withdraw from representing either." Rule 1.9 of the West Virginia *Rules of Professional Conduct* addresses this issue. Rule 1.9(a) instructs that: "A lawyer who has formerly represented a client in a matter shall not thereafter: (a) represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client *unless the former client consents after consultation*." (emphasis added). I need not determine whether the interests of Westfield and TM Services are materially adverse because both Westfield and TM Services have consented, after consultation, to Kesner's continued representation of TM Services. Accordingly, I **FIND** that Rule 1.9(a) does not require the disqualification or withdrawal of Attorney Kesner from his representation of TM Services.

Although Attorney Kesner appears to have satisfied the requirements of Rule 1.9(a), I remind him of his obligations under Rule 1.9(b), which cannot be avoided by consent. Rule 1.9(b)

reminds lawyers that they shall not "use information relating to the [former] representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known."

Equitable further argues that "[a]lthough the Rules of Professional conduct appear to permit TM and Westfield to consent to Mr. Kesner's withdrawal from representation of Westfield and continued representation of TM, the Rules do not address whether such consent is controlling where one of the conflicted parties–i.e. Westfield–owes duties to another party–i.e., Equitable." Equitable argues that "Westfield, as an insurer, owes certain duties to Equitable, as an additional insured under the Policy, to the same extent it owes those duties to TM." Specifically, Equitable argues that an insurer owes a duty of good faith and fair dealing to its insureds and argues that Kesner's continued representation of TM is a breach of these duties. Equitable contends that "it would be inappropriate to allow an attorney who represented Westfield and is intimately familiar with and likely participated in developing, Westfield's position and strategies in this very matter to continue to represent TM." Equitable further argues that "where Mr. Kesner has a long history of representing Westfield during which he has formed alliances, and, through those alliances, has gained extensive knowledge of confidential information and Westfield's corporate processes, it is certainly inappropriate for Mr. Kesner to . . . continue to represent one insured against the other."

Equitable appears to be arguing that this court should disqualify Kesner because of his intimate knowledge of Westfield's corporate policies and his possession of confidential information about Westfield's position on this matter. Although I am troubled by Attorney Kesner's initial representation of both the insurance company and the insured in this matter, I will not go so far as to

disqualify Kesner from his continued representation of TM Services based upon the plaintiff's speculation.

Equitable also argues that Mr. Kesner should be disqualified because there is a "substantial likelihood" that Mr. Kesner will be deposed and asked to testify substantively in the bad faith aspects of the Boone County litigation. Equitable acknowledges that "the Boone County Halstead litigation is a separate and distinct action from this one." Equitable argues, however, that "there is a realistic likelihood that the consequences of testimony obtained from Mr. Kesner in the Boone county litigation will become a factor in this case." Rule 3.7 of the West Virginia *Rules of Professional Conduct* mandates that "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." Equitable has presented no argument or evidence that would lead this court to conclude that Mr. Kesner will be called as a necessary witness at the trial of the instant action. Because Equitable has not demonstrated that Kesner's continued representation of TM Services will lead him to act as both an advocate and a necessary witness at the trial of this matter, I am unwilling to disqualify Attorney Kesner on these grounds.

## IV.   Conclusion

As previously stated, I am troubled by Attorney Kesner's original decision to represent both Westfield and TM Services in this action. Pursuant to the West Virginia *Rules of Professional Conduct*, attorneys have a duty to remain free from conflicts of interest and to avoid the appearance of impropriety. Mr. Kesner could have avoided the defense of this motion by simply refusing to represent both Westfield and TM Services at the onset of this litigation. I am further troubled by the fact that this is not the first time that Mr. Kesner has tested the outer bounds of the ethical rules governing attorneys in this state. In *Kalwar v. Liberty Mutual Ins. Co*, 506 S.E. 2d 39 (1998), the

Supreme Court of Appeals admonished Mr. Kesner, noting that "we are troubled to see an attorney representing the interests of parties on both sides of the dispute." Although the *Kalwar* Court felt that "an inference could be drawn that Mr. Kesner encroached upon the bounds of the *Rules of Professional Responsibility*," the Court found that because of a lack of evidence in the record, "we cannot say that the trial court erred in refusing to disqualify Mr. Kesner from representing the plaintiff." Just as Mr. Kesner was warned in *Kalwar*, I again warn Mr. Kesner of the importance of avoiding conflicts of interests.

Despite initial misjudgments, Kesner has withdrawn from his dual representation and both Westfield and TM Services have consented, after consultation, to Attorney Kesner's continued representation of TM Services. Although Attorney Kesner is presumed to have been privy to the confidential information of his former client, Westfield, I will not disqualify him from representing TM Services based on mere speculation that he may use such confidential information to the detriment of the plaintiff or his former client. Furthermore, I cannot find, based on the facts and arguments presented, that Attorney Kesner will be a necessary witness in the trial of the present action. Accordingly, the court **DENIES** Equitable's Motion to Disqualify Attorney Kesner [Docket 11]. The court **DIRECTS** the Clerk to send a copy of this Written Opinion and Order to counsel of record and any unrepresented party.

ENTER:     June 24, 2005

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE